12-4131-bk
*Santiago-Monteverde v. Pereira*

# In the
# United States Court of Appeals
# For the Second Circuit

_____

August Term 2013

No. 12-4131-bk

IN RE: MARY VERONICA SANTIAGO-MONTEVERDE,
*Debtor.*

MARY VERONICA SANTIAGO-MONTEVERDE,
*Debtor-Appellant,*

*v.*

JOHN S. PEREIRA, CHAPTER 7 TRUSTEE,
*Trustee-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of New York.
No. 12 CV 4238 — P. Kevin Castel, *Judge*.

_____

ARGUED: SEPTEMBER 23, 2013
DECIDED: MARCH 2, 2015

_____

Before: SACK, PARKER, and RAGGI, *Circuit Judges*.

_____

Appeal from a decision of the United States District Court for the Southern District of New York (P. Kevin Castel, *J.*) affirming the bankruptcy court's order striking the debtor's claim that the value of her rent-stabilized lease was exempt from her bankruptcy estate as a "local public assistance benefit" within the meaning of New York Debtor and Creditor Law § 282(2). We previously concluded that the application of section 282(2) to New York's rent stabilization laws raised an unresolved question of New York law and certified the question to the New York Court of Appeals. The Court of Appeals has now responded that the value of a rent-stabilized lease is a "local public assistance benefit" under New York law. We therefore reverse the decision of the district court and remand for further proceedings consistent with this opinion.

————

RONALD J. MANN, Columbia University School of Law, New York, NY, (Kathleen G. Cully, Kathleen G. Cully PLLC, New York, NY, *on the brief*), *for Debtor-Appellant*.

J. DAVID DANTZLER, JR. (John P. Campo, Eric L. Unis, *on the brief*) Troutman Sanders LLP, New York, NY, *for Trustee-Appellee*.

Ira L. Herman, Thompson & Knight LLP, New York, NY, *for Amicus Curiae, New York City Bankruptcy Assistance Project, supporting Debtor-Appellant.*

Carolyn E. Coffey (*of counsel* to Jeanette Zelhof), MFY Legal Service, Inc., New York, NY, *for Amicus Curiae, MFY Legal Services, Inc., supporting Debtor-Appellant.*

————

PER CURIAM:

Debtor-Appellant Mary Santiago-Monteverde appealed to this Court from a decision of the district court affirming the bankruptcy court's ruling that her residential lease, rent-stabilized under New York's Rent Stabilization Code, N.Y. Comp. Codes R. & Regs. tit. 9, §§ 2520 *et seq.*, was not exempt from her bankruptcy estate as a "local public assistance benefit" within the meaning of New York Debtor and Creditor Law ("DCL") § 282(2). We concluded that this question was an important one of unsettled New York law and certified it to the New York Court of Appeals, which accepted the certification. *In re Santiago-Monteverde*, 747 F.3d 153 (2d Cir. 2014), *certified question accepted*, 23 N.Y.3d 958 (2014). After considering the question, the Court of Appeals concluded that a debtor's interest in a rent-stabilized lease is a local public assistance benefit under the DCL. *See In re Santiago-Monteverde*, 24 N.Y.3d 283 (2014). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we briefly summarize below.

**I.**

Santiago-Monteverde has lived in a rent-stabilized apartment in Lower Manhattan for over forty years. After her husband's death, she experienced financial difficulties and, in November 2011, filed for Bankruptcy protection under Chapter 7. On Schedule G of her petition, she listed her apartment simply as an "unexpired lease." The Bankruptcy Trustee, John S. Pereira, determined that she had no assets. Shortly after he did so, Santiago-Monteverde's landlord, East 7th Street Development Corporation, approached the Trustee and offered to buy the lease to Santiago-Monteverde's apartment under terms that would permit her to remain in the apartment but would cause the apartment to lose its rent stabilized status.

Upon learning that the Trustee planned to accept the offer, Santiago-Monteverde amended her filing, treating the value of her rent-stabilized lease as

personal property and claiming an exemption for the property as a "local public assistance benefit" under 11 U.S.C. § 522(b)(3) and DCL § 282(2).

The Trustee moved to strike this claim of exemption. The bankruptcy court granted the motion on the ground that a rent stabilized lease did not qualify as a "local public assistance benefit," but was instead "a quirk of the regulatory scheme in the New York housing market." *In re Santiago–Monteverde*, 466 B.R. 621, 624-25 (Bankr. S.D.N.Y. 2012). Santiago-Monteverde appealed to the district court. The district court affirmed, concluding that the rent stabilized lease was "the collateral consequence of a regulatory scheme" rather than a local public assistance benefit. *In re Santiago–Monteverde*, Nos. 12-CV-4238 (PKC), 11-15494 (JMP), 2012 WL 3966335 *2 (S.D.N.Y. Sept. 10, 2012).

Santiago-Monteverde appealed to this Court contending that her rent-stabilized lease does qualify as such a benefit when one takes into account the protections afforded by the rent-stabilization program and the value they create in a lease. The Trustee, who had obtained permission from the bankruptcy court to purchase and assign the lease, argued that the legislature had never intended that "local public assistance benefit" be read so broadly.

## II.

In our prior opinion, we noted that, although New York courts had addressed related questions, none had decided whether a debtor can prevent the assumption and assignment of a rent-stabilized lease on the ground that it is a "local public assistance benefit" within the meaning of DCL § 282(2). Because resolution of that issue determines the outcome of this appeal and because the issue is a matter of significant public importance, we certified the following question to the New York Court of Appeals:

> Whether a debtor-tenant possesses a property interest in the protected value of her rent-stabilized lease that may be exempted from her bankruptcy estate pursuant to New York State Debtor and Creditor Law Section 282(2) as a "local public assistance benefit"?

The New York Court of Appeals accepted the certification and held that a rent-stabilized lease qualified as a local public assistance benefit. *In re Santiago-Monteverde*, 24 N.Y.3d 283 (2014). In the Court of Appeals' view, "[w]hen the rent-stabilization regulatory scheme is considered against the backdrop of the crucial role that it plays in the lives of New York residents, and the purpose and effect of the program, it is evident that a tenant's rights under a rent-stabilized lease are a local public assistance benefit." *Id.* at 289. Rejecting the Trustee's argument that "benefits" should be limited to cash payments, the court further noted that the rent-stabilization program had "all of the characteristics of a local public assistance benefit" under the statute. *Id.* at 290. Finally, the Court of Appeals explained that its interpretation was consistent with the purpose of creating exemptions in section 282(2), which involve the protection of a debtor's essential needs, including housing. *Id.* at 292.

In light of the New York Court of Appeals' opinion, we hold that Santiago-Monteverde's interest in her rent-stabilized lease is a local public assistance benefit within the meaning of DCL § 282(a). As a result, she is allowed to claim it as an exemption from her bankruptcy estate.

## CONCLUSION

We **REVERSE** the decision of the district court and **REMAND** for further proceedings consistent with this opinion.